United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ABDOULAYE BILLO BALDE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00850** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Abdoulaye Billo Balde's ("Petitioner") Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**.

## Background

Petitioner entered the United States on January 17, 2025. (Dkt. 1 at 8.) He was detained shortly after entry and has remained in ICE custody since entering the United States. (*Id.*) Petitioner was initially placed in expedited removal proceedings and was given a credible fear interview where an asylum officer made a positive fear determination. (*Id.* at 9; Dkt. 6 at 2.) Shortly after, Petitioner was served with a Notice to Appear and placed in full removal proceedings under 8 U.S.C. § 1229a. (Dkt. 6 at 2.) On September 2, 2025, an immigration judge (IJ) granted

1 / 6

Petitioner's application for asylum. (Dkt. 6, Attach. 4 at 1.)[1] In the alternative, the IJ granted withholding of removal under 8 U.S.C. § 1231(b)(3) and entered an order of removal to Guinea. (*Id.* at 1–4.) DHS filed a timely appeal with the Board of Immigration Appeals (BIA) which remains pending. (Dkt. 1 at 9; Dkt. 6 at 3.) Accordingly, Petitioner's removal proceedings remain ongoing as DHS appeals the IJ's decision granting relief, and she does not have a final order of removal. *See* 8 C.F.R. 1241.1; *Matter of I-S- & C-S-*, 24 I. & N. Dec. 432, 434 n.3 (BIA 2008) ("In instances in which an Immigration Judge grants both asylum and withholding of removal, an order of removal would not normally be required, as an asylum grant does not require an order of removal.").

Petitioner has remained in immigration detention without an individualized determination of the need for detention for over 16 months since being apprehended by DHS in January of 2025. Petitioner filed his Petition for Writ of Habeas Corpus on May 6, 2026. (Dkt. 1.) Petitioner argues that his current prolonged detention without an individualized determination of the need for detention violates his rights under the Immigration and Nationality Act (INA) and the Fifth Amendment Due Process Clause. (*Id.* at 11–13.) Petitioner also argues that his warrantless arrest and detention violate the Fourth and Fifth Amendments. (*Id.* at 10.) The Court ordered Respondents to respond to Petitioner's Petition on or before May 13, 2026. (Dkt. 4.) Respondents filed a timely response and Motion for Summary Judgment, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1), and that his Due Process claim fails because Petitioner may be constitutionally detained during the pendency of his removal proceedings. (Dkt. 6.) Petitioner filed a timely reply to Respondents' response arguing Respondents fail to effectively rebut his due

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

process claims and emphasizing that that even if he is detained pursuant to 8 U.S.C. § 1225, his prolonged detention without an individualized determination of the need for detention violates his rights under the Due Process clause of the Fifth Amendment. (Dkt. 7.)

### Discussion

The central question before the Court is whether Petitioner's immigration detention of over 16 months without an individualized determination of the need for detention violates his rights under the Due Process Clause of the Fifth Amendment. Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Giri v. Lyons*, 2026 WL 1361557 (S.D. Tex. May 12, 2026). In *Giri v. Lyons*, the Court held that the petitioner, a noncitizen detained shortly after entering the United States, was entitled to Fifth Amendment protections from arbitrary and punitive civil immigration detention, and that the appropriate framework to decide whether the petitioner's detention under 8 U.S.C. § 1225(b)(1) had become unconstitutionally prolonged was the test the Supreme Court set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court adopts its reasoning as previously articulated in *Giri v. Lyons* and analyzes Petitioner's claims under each *Mathews* factor.

Here, the Court finds that all three *Mathews* factors weigh in favor of Petitioner. Under the test set out in *Mathews* the Court evaluates "(1) the private interest that will be affected by the official action, (2) a cost-benefit analysis of the risks of an erroneous deprivation versus the probable value of additional safeguards, and (3) the Government's interest, including the function involved and any fiscal and administrative burdens associated with using different procedural safeguards." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citing *Mathews*, 424 U.S. at 335).

First, Petitioner's private interest is "the most elemental of liberty interests—the interest in being free from physical detention[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) and *Parham v. J. R.*, 442 U.S. 584, 600 (1979)). Moreover, "[t]he individual's liberty interest increases over time, and the risk of an erroneous deprivation of liberty may become more egregious[.]" *Rashid v. Trump*, 807 F. Supp. 3d 349, 365 (D. Vt. 2025). "The longer the duration of the incarceration, the greater the deprivation." *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020). Petitioner has been detained for over 16 months, a period of detention that many other courts have found to be unreasonably prolonged. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention . . . approximately one year. District courts have found shorter lengths of detention . . . without a bond hearing to be unreasonable.") (collecting cases); *Rashid*, 807 F. Supp. 3d at 368 (collecting cases).

Second, the risk of erroneous deprivation is severe, and the probable value of additional procedural safeguards is great. The Supreme Court has recognized that generally, immigration detention has "two regulatory goals: 'ensuring the appearance of aliens at future immigration proceedings' and '[p]reventing danger to the community.'" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see Demore v. Kim*, 538 U.S. 510, 518–21 (2003) (noting that detention during pending removal proceedings under 8 U.S.C. § 1226(c) serves these dual purposes); *see also Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (generally when making a custody determination, an immigration judge considers whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk"). Therefore, if Petitioner is "being detained despite the fact that he is neither a flight risk nor a danger to the community, the Government is erroneously depriving him of his freedom." *See Rashid*, 807 F. Supp. 3d at 369.

Petitioner has not received *any* process to consider whether his current detention of over 16 months serves a legitimate purpose, therefore the Court finds that the risk of erroneous deprivation weighs in Petitioner's favor.

Finally, the Court finds that the Government's interest in detaining Petitioner without a hearing is minimal. The Court recognizes the Government has a strong interest in ensuring that noncitizens appear for their removal proceedings and in ensuring that the public is kept safe. *See Demore*, 538 U.S. at 518–21. However, additional procedural safeguards in the form of a bond hearing "do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." *See Black v. Decker*, 103 F.4th 133, 153–54 (2d Cir. 2024) (citing 8 U.S.C. § 1226(a)). Indeed, requiring that the Government justify continued detention *promotes* the Government's interest in minimizing the enormous impact of incarceration in cases where it serves no purpose. *Id.* (quoting *Velasco Lopez*, 978 F.3d at 854). Similarly, should the Government find that Petitioner is not a flight risk nor a danger, the Government benefits from the reduced cost of no longer detaining Petitioner. There is also minimal administrative burden where immigration courts already regularly make custody determinations for noncitizens pending their removal proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19; 8 C.F.R. § 236.1. Finally, Petitioner has been granted asylum, and his detention only remains ongoing and prolonged due to the Government's appeal of the IJ's decision granting his relief to the BIA. (*See* Dkt. 7 at 5.) Therefore, the Court finds that the final *Mathews* factor also weighs in Petitioner's favor.

Thus, the Court holds that because Petitioner's detention has become unconstitutionally prolonged and violates his rights under the Due Process Clause of the Fifth Amendment, he is

5 / 6

entitled to equitable relief. The Court holds that the appropriate remedy is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that continued detention is needed to prevent the noncitizen from fleeing during his removal proceedings or harming the community. *See Giri v. Lyons*, 2026 WL 1361557, at *13.

**CONCLUSION**

For the foregoing reasons, Petitioner's Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to the Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause and Respondents' Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1. Respondents are **ORDERED** to provide Petitioner with an individualized custody review before an immigration judge at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. Respondents must provide this hearing **within 7 days of the issuance of this Order, or else Respondents must release Petitioner.**

2. Respondents are **ORDERED** to submit a status report informing the Court of the result of the hearing and Petitioner's custody status within **8 days of the issuance of this Order.**

IT IS SO ORDERED.
SIGNED this June 2, 2026.

Diana Saldaña
United States District Judge